UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID L. FILBY, *Pro Se*, | ) | Case No.: 1:17 CV 1712 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| GEAUGA COUNTY, OHIO, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants | ) | |

*Pro se* Plaintiff David L. Filby filed this action under 42 U.S.C. § 1983 against Geauga County, Ohio, Attorney Sarah Heffter, the law firm of Heffter & Russell LLC, Attorney Mary K. Bender, Mary K. Bender Co., LPA, Attorney Robert E. Zulandt, Jr., Robert E. Zulandt, Jr. Co. LPA, Geauga County Prosecutor James Flaiz, Geauga County Engineer Frank Antenucci, Geauga County Domestic Relations Court Magistrate Carolyn J. Paschke, and Geauga County Domestic Relations Court Judge David L. Fuhry. In the Complaint, Plaintiff alleges the Defendants violated his constitutional rights in the course of his domestic relations case, and caused him to be jailed for sixteen days. He seeks monetary damages.

**BACKGROUND**

Plaintiff states he is a party to a domestic relations case filed in Geauga County, Ohio in 2013. The court issued a judgment in the case in 2015; however, the case was reopened at a later date, and remains pending. Plaintiff indicates he originally was represented by Heffter in these

proceedings, but she is no longer his attorney. Zulandt represented the other party to the case. Bender was the court appointed Guardian Ad Litem ("GAL"). He states, without explanation, that from the beginning of his domestic relations case, the opposing party failed to present any credible evidence to substantiate decisions, orders, or judgments. He states he was denied time with his children, denied due process and equal protection, and was not permitted to submit relevant evidence. He contends his parenting was suspended indefinitely and was ordered to have no contact with his children. He indicates he felt pressured into settlement talks, and although he did not agree to the settlement, it was nevertheless imposed by the court. Plaintiff alleges Zulandt instituted vexatious litigator proceedings against him in an attempt to silence him. He asserts violations of his Fifth, Eighth, Ninth, and Fourteenth Amendment rights as well as violations of numerous Ohio criminal statutes. He seeks compensatory and punitive damages.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

2

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

## ANALYSIS

Plaintiff cannot proceed with a civil rights action against these Defendants. To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have

acted "under color of state law," the person must be a state or local government official or employee. Heffter, Bender, Zulandt and their respective law firms, are not government officers or entities.

A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). A privately retained attorney is not considered a state actor under 42 U.S.C. § 1983. *Washington v. Brewer*, No. 91-1935, 1991 WL 243591 (6th Cir. Nov. 21, 1991); *Polk County v. Dodson*, 454 U.S. 312, 321 (1981). Plaintiff does not allege facts to suggest they could otherwise be considered state actors under § 1983. His claims against Heffter, Bender, Zulandt and their respective law firms are dismissed.

In addition, while Judges, Magistrates, and Prosecutor are considered to be state actors for purposes of § 1983, these individuals are absolutely immune from suits for damages that pertain to decisions they made in the course of presiding over or prosecuting a case. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). Judges and Magistrates are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter

4

jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d

at 1116. A judge will be not deprived of immunity even if the action he or she took was performed

in error, done maliciously, or was in excess of his or her authority. Absolute immunity is also

extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock*

*v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly

related to initiating a prosecution and presenting the state's case, but also to activities undertaken "in

connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v.*

*Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). The immunity also reaches beyond the criminal

process to conduct in civil proceedings where a government attorney is operating in an enforcement

role in initiating judicial proceedings, or defending a civil suit. *Cooper v. Parrish*, 203 F.3d 937,

947 (6th Cir. 2000); *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990).

In this case, Plaintiff objects to decisions made by Paschke and Furhy while presiding over his

domestic relations case, and decisions made by Flaiz while prosecuting Plaintiff on criminal charges.

Paschke, Furhy, and Flaiz are absolutely immune from damages for claims arising from these

actions.

Plaintiff does not allege sufficient facts pertaining to Geauga County Engineer Frank

Antenucci to state a claim upon which relief may be granted. He states, without explanation, that

Antenucci was assigned as a special investigator for his criminal affidavits against the other

Defendants and found no wrongdoing. He contends Antenucci is liable for conspiracy to violate his

civil rights. Conspiracy claims must be pled with some degree of specificity. *Gutierrez v. Lynch*,

826 F.2d 1534, 1538 (6th Cir. 1987). Vague and conclusory allegations, unsupported by material

facts, are not sufficient to state such a conspiracy claim under § 1983. Therefore, to state a claim for

5

civil conspiracy under § 1983, Plaintiff must allege facts to suggest there was an agreement between two or more people to violate his constitutional rights, that there was a single plan, that the alleged co-conspirators shared in the general conspiratorial objective. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). Plaintiff's conspiracy claim against Antenucci is stated solely as a legal conclusion. He does not allege sufficient facts to suggest with whom Antenucci conspired or what their conspiratorial objective was. His claim against Antenucci is dismissed.

Finally, Plaintiff has not stated a valid claim against Geauga County, Ohio. Plaintiff states Geauga County wrongfully acted against him through agents from different departments. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). Plaintiff does not indicate any policy or custom of Geauga County that caused the alleged violation of his constitutional rights. Instead, he is naming the County as a Defendant based on the actions of various employees. This is *respondeat superior* liability which cannot be the basis of a § 1983 claim against Geauga County.

## CONCLUSION

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted and this

action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

January 9, 2018

---

[1]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.